UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 10-067** |
| **NICHOLAS COLLINS** | **SECTION: "B"** |

### ORDER & REASONS

Before the court are petitioner's opposed motions for appointed counsel and for compassionate release (Rec. Doc. 79, 81). For the following reasons,

**IT IS ORDERED** that the motions are **DENIED**.

After pleading guilty to conspiracy to distribute and possess with intent to distribute five (5) or more kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 846; possession with intent to distribute five (5) or more grams of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), defendant was sentenced to 240 months imprisonment for all counts, to be served concurrently. Rec. Doc. 70 at 1-3. He was eventually imprisoned at the Yazoo City Low Federal Correctional Institute, where he has served approximately 98 months (41%) of his sentence. *See id*. at 2.

Defendant requests appointment of counsel for the purpose of assisting his efforts to secure either compassionate release or home confinement. Rec. Doc. 79. However, his letter is also self-

1

described as a "plea for release." *Id*. Defendant cites several considerations in support of his request: he was born with asthma and recently suffered from COVID-like symptoms for ten (10) days; he has maintained a job, completed a vocational apprenticeship in custodial maintenance, and finished "50%" of his sentence in good behavior; he has plans to manage his brother's cleaning business following his release; he is non-violent; since his 2010 incarceration, he has become a grandfather of five (5); his mother is now 69 years old; and he has matured since his incarceration. *Id.* Defendant concludes by expressing regret for his criminal conduct and asking this Court for forgiveness and another chance. *Id.* at 2.

The government opposes defendant's motion, arguing that he has not established an extraordinary and compelling reason to support the requested relief, a statutory requirement. Rec. Doc. 80. Specifically, the government points to the Sentencing Commission's policy statement which specifies three categories of "extraordinary and compelling reasons" for a sentence reduction: medical conditions, age, and family. *Id*. The government argues that defendant has failed to "identify how he fits into any of these categories, much less satisfy his burden of proof." *Id*. at 7.

Generally, the right to appointed counsel extends only to the first appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555

(1987). In the context of a motion to reduce a prison sentence, the Fifth Circuit has held that there is no statutory or constitutional right to appointed counsel. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). However, the Fifth Circuit has provided that, "in the interest of justice," a court may appoint counsel to a movant for compassionate release, notwithstanding the absence of any constitutional or statutory right. *United States v. Robinson*, 542 F. 3d 1045, 1052 (5th Cir. 2008). Courts are "more likely to reach the correct resolution of [the] issues . . . if [they] had attorneys on both sides," and therefore will appoint counsel "in the interest of justice" if the motion "involve[s] complicated or unresolved issues." *Id.; see, e.g., United States v. Joseph*, No. CR 15-307, 2020 WL 3128845, at *2 (E.D. La. June 12, 2020). There are no "complicated or unresolved" issues in the instant case. Accordingly, defendant's request for appointed counsel lacks merit.

A court may consider a motion for compassionate release if movant has either "exhausted all administrative rights to appeal" the Bureau of Prison's ("BOP") failure to bring a motion on his behalf, or if thirty (30) days have lapsed since the request was received by the warden of the defendant's facility. 18 U.S.C. § 3582(c)(1)(A). The warden at defendant's facility received such a request on June 20, 2020 and more than thirty (30) days has since passed. Rec. Doc. 81 at 5. The court considers relevant factors

3

set out in 18 U.S.C. § 3553(a),[1] and if the court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the court may reduce a defendant's prison sentence. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission issued relevant guidance describing circumstances that constitute "extraordinary and compelling reasons" to reduce a sentence: (1) medical condition(s) of the defendant (terminal illnesses or debilitating conditions), (2) age of the defendant, (3) family circumstances, or (4) other reasons as determined by the Director of the BOP. U.S. SENTENCING COMMISSION, § 1B1.13, Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (2018).

Defendant's general fear of COVID-19 and his asthma diagnosis are insufficient to constitute "extraordinary and compelling reasons." Defendant asserts that he was born with asthma and that he was sick for approximately ten (10) days with "all the symptoms of COVID-19." *Id*. As the government points out, "he has not stated

---

[1] The relevant factors to consider under § 3553(a) are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the severity of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed education, training, and medical care; (3) other pertinent policy statements from the Sentencing Commission; (4) the need to avoid unwarranted disparities among like defendant; and (5) the need for restitution. *See* 18 U.S.C. § 3553(a).

or established with any medical records that he is positive for COVID-19 or continues to suffer from its symptoms." Rec. Doc. 81 at 7. Furthermore, defendant "does not state whether or to what extent he still suffers from [asthma]," and his medical records reflect that he denied having any asthma attacks as an adult. *Id.* at 10. A generalized claim of asthma, without more, does not constitute an extraordinary and compelling reason to reduce a sentence. *See, e.g.*, *United States v. Michele*, No. CR 13-160, 2020 WL 4676327, at *5 (E.D. La. Aug. 12, 2020) (determining that asthma was not extraordinary and compelling where the defendant's "medical records do not reflect that he has ever been treated for asthma or complained of respiratory problems"); *United States v. Sonnier*, No. CR 14-168, 2020 WL 4601638, at *3 (E.D. La. Aug. 11, 2020) (finding a generalized claim of "asthma and respiratory conditions" insufficient where "the BOP medical records do not reflect that they have manifested while [the defendant] has been in BOP custody.").

Further, defendant's health condition appears to be well-managed within the prison's medical unit. Rec. Doc. 82-1. It is not as severe as others who sought similar relief. See *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (Affirming denial of compassionate release of an inmate with an extraordinary and compelling reason, i.e. a terminal illness, who served 14 years of a 30-year sentence for a drug trafficking offense.). As found

5

in the latter case, releasing Collins at this time minimizes the impact of his illegal conduct, the seriousness of his multiple severe offenses, i.e. conspiracy and possession with intent to distribute large quantities of cocaine hydrochloride and felon in possession of a weapon, and his serious criminal history. A release at this time has not been shown to promote respect for laws and afford adequate deterrence to criminal conduct.

New Orleans, Louisiana this 20th day of April, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE